UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEFFREY M. DAVIS, JR.,

Plaintiff,

v. Case No. 13-CV-365

MERCY MEDICAL CENTER OF OSHKOSH, INC.,
and ALINA HUNT,

Defendants.

---

ORDER DENYING DEFENDANT HUNT'S MOTION TO DISMISS (DOC. 46), DENYING AS MOOT PLAINTIFF'S MOTION TO DISMISS EMTALA CLAIM (DOC. 48), DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. 49), DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. 52), GRANTING DEFENDANT MERCY MEDICAL'S MOTION TO SEAL DOCUMENT (DOC. 62), GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME OR IN THE ALTERNATIVE RECRUITMENT OF COUNSEL (DOC. 64), DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL/DISMISS/STAY (DOC. 68), AND DIRECTING PLAINTIFF TO FILE RESPONSE TO MERCY MEDICAL'S MOTION TO DISMISS ON OR BEFORE JUNE 13, 2014

Defendant Hunt's Motion to Dismiss

Defendant Alina Hunt has filed a motion to dismiss the remaining state law medical negligence claim against her pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). (Doc. 46.) Hunt contends that there are no circumstances that will overcome the rebuttable presumption that this court should relinquish its supplemental jurisdiction over plaintiff's sole state law claim. She further asserts that the statute of limitations has not run on that state law claim, substantial judicial resources have not been committed to this case which is still in the initial pleading stage, and it is not absolutely clear how the state claim will be decided. In response, plaintiff contends that filing a separate suit in state court is not in the interest of any party given that the facts alleged in this case are very similar to

the EMTALA claims against defendant Mercy Medical Center of Oshkosh, Inc. (Mercy Medical).

A district court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court also has supplemental jurisdiction over any claim that is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Hunt contends that the court should dismiss the state law claim against her because the federal claim against her was dismissed and cites to 28 U.S.C. § 1367(c). However, a federal claim against Mercy Medical remains in the case and that 28 U.S.C. § 1367(c) is not triggered. *See Hansen v. Bd. of Trs. of Hamilton SE Sch. Corp.*, 551 F.3d 599, 607-08 (7th Cir. 2008) (district court's discretion to relinquish jurisdiction under § 1367(c)(3) was never triggered, because the court did not dismiss all claims over which it has original jurisdiction.) Consequently, the court must reject Hunt's argument and deny her motion to dismiss.

Plaintiff's Motion to Dismiss EMTALA Claim Against Defendant Hunt

Plaintiff has filed a motion to dismiss the EMTALA claim against defendant Hunt. (Doc. 48.) However, this claim was dismissed earlier. (Court's Order of August 28, 2013.) Therefore, plaintiff's motion is moot.

Defendant Mercy Medical's Motion to Dismiss

Mercy Medical has filed a motion to dismiss for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). (Doc. 55.) Mercy Medical contends that plaintiff's EMTALA claims should be dismissed and that the court should relinquish its supplemental jurisdiction over the state law medical negligence claim.

With regard to the EMTALA claims, the complaint alleges that plaintiff attempted suicide on January 5, June 26, August 29, and September 13, 2012. After each suicide attempt, he was transported to Mercy Medical where he was treated by a physician. However, according to the complaint, the physicians failed to screen for and treat plaintiff's emergency medical and psychiatric conditions prior to discharge and transfer back to the Wisconsin Resource Center. In addition, plaintiff alleges that his medical records from Mercy Medical were not sent to him upon his return to the Wisconsin Resource Center.

In support of its motion to dismiss, Mercy Medical provides plaintiff's pertinent medical records which show that he was admitted for treatment on January 5, June 6, and September 13-14, 2012, and that the EMTALA claims as to those dates should be dismissed as a matter of law. According to Mercy Medical, these medical records[1] show

[1] The medical records are referenced in the complaint and central to plaintiff's claims. Thus, they are properly considered on the motion to dismiss. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

that plaintiff was medically screened and stabilized prior to his return on August 19/29, 2012. Based on the records, Mercy Medical contends that plaintiff's EMTALA claims should be dismissed as a matter of law.

Plaintiff has not filed a response to this motion. Instead, he filed multiple motions to appoint counsel, as well as motions for extension of time, to stay the case, and to dismiss the case. Although the documents identified as plaintiff's medical records may foreclose his EMTALA claims, plaintiff may respond to the motion to dismiss.

Defendant Mercy Medical's Motion to Seal Document

Mercy Medical filed a motion to file documents under seal. (Doc. 62.) According to Mercy Medical, it filed Exhibits 1A-1D (attached to Doc. 58) under seal as they contain medical records regarding plaintiff and may be construed as confidential. Although the medical records were filed under seal as a precautionary matter, Mercy Medical contends that they are no longer confidential in light of plaintiff's claims and that the documents need not remain under seal. Thus, Mercy Medical requested that the court permit the documents to be filed under seal until September 25, 2013, and that if plaintiff did not object to the documents being made available to the public by that date, then the documents need not remain under seal.

Plaintiff did not object to Mercy Medical's suggestion regarding treatment of his medical records. Thus, the court will grant Mercy Medical's motion.

Plaintiff's Requests for Counsel, Motion for Extension of Time,
and Request to Stay or Dismiss this Action

Plaintiff has filed a motion for appointment of counsel. (Doc. 49.) He asserts that he has a limited knowledge of the law and that he is not adept at using the computer in the

prison's law library and cannot effectively research the law. Plaintiff further states that he is unable to depose defendants without an attorney. Additionally, he has been diagnosed with mental illnesses which impede his ability to litigate this case. To that end, plaintiff references materials attached to his supporting memorandum which indicate that in 2003 a petition for civil commitment was filed and that an individual was designated his temporary guardian for the purpose of medical interventions. (Exh. D.) Plaintiff asserts that he continues to be affected by the symptoms of his mental illness and has harmed himself regularly since he was six years old. Further, plaintiff has had assistance from other inmates with his case filings and continued assistance is not guaranteed.

Plaintiff filed another request for counsel in which he asserts that he is unable and incompetent to effectively prosecute this case on his own. (Doc. 52.)

Plaintiff has filed a motion for extension of time to respond to defendants' motions to dismiss or in the alternative the recruitment of counsel. (Doc. 64.) He also suggests that the court hold a hearing to discuss a possible stay of this action until a case he is litigating in the Western District of Wisconsin is completed.[2]

Plaintiff has filed a request to dismiss this case until a time when he can litigate the case or find someone else to assist him (Doc. 68.) He is no longer receiving assistance from the inmate who previously helped. Plaintiff asserts that he cannot deal with the stress

---

[2] Plaintiff's Western District of Wisconsin case is a § 1983 civil rights action concerning his conditions of confinement at Columbia Correctional Institution. *Davis v. Harding*, Case Number 3:12-cv-00559-wmc (W.D. Wis.) In that case, plaintiff alleges that prison officials failed to prevent him from harming himself after he told them he was having suicidal thoughts. On February 6, 2014, Chief United States District Judge William Conley denied in part defendants' motion for summary judgment and reserved judgment as to the remaining claims. Judge Conley recruited pro bono counsel for Davis. *Davis v. Harding*, 3:12-cv-00559-wmc, at 4-5 (W.D. Wis. Feb. 6, 2014) ("Given the evidence on summary judgment that the defendant suffers from an assortment of mental illnesses, as well as other limitations inherent with his status as an indigent inmate, and given that this case will proceed to trial at minimum on the constitutional claim against defendant Harding, it is clear that plaintiff would benefit from legal counsel.").

of litigation and he has already begun hurting himself due to the stress. Alternatively, he seeks to stay the case or requests that the court recruit counsel. Defendants oppose the request.

At this stage, plaintiff need only respond to Mercy Medical's motion to dismiss. He has demonstrated an ability to comprehend these proceedings and advocate for himself. Consequently, the court finds that plaintiff is competent to respond. In addition, it is not clear that the concern regarding self-harm is still imminent. Plaintiff made those assertions several months ago. Since then, counsel was recruited in his Western District of Wisconsin case. For these reasons, the court will not recruit counsel to represent plaintiff in this case at this time. Plaintiff is advised that if he fails to timely respond, the court will rule on the motion without his input. Therefore,

IT IS ORDERED that defendant Hunt's motion to dismiss (Doc. 46) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to dismiss EMTALA claim against defendant Hunt (Doc. 48) is DENIED AS MOOT.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Doc. 49) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Doc. 52) is DENIED.

IT IS FURTHER ORDERED that defendant Mercy Medical's motion to seal until September 25, 2013 (Doc. 62) is GRANTED. Exhibits 1A-1D to the September 11, 2013, Affidavit of Nadya E. Shewczyk (Doc. 58) shall now be unsealed.

IT IS FURTHER ORDERED that plaintiff's motion for extension of time or in the alternative recruitment of counsel (Doc. 64) is GRANTED IN PART AND DENIED IN PART as set forth herein.

IT IS FURTHER ORDERED that plaintiff shall file his response to defendant Mercy Medical's motion to dismiss by June 13, 2014. If plaintiff fails to respond by that date the court will address the motion unopposed.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel/dismiss/stay (Doc. 68) is DENIED.

Dated at Milwaukee, Wisconsin, this 13th day of May, 2014.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. District Judge